**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

Dan Callister,

           Plaintiff,

  v.

Miller International, Inc. and
Spectra Holdco, LLC,

           Defendants.

**COMPLAINT**

Plaintiff Dan Callister ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against Defendant Miller International, Inc. and Defendant Spectra Holdco, LLC (collectively "*Defendants*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein creates photographic images and owns the rights to these images which Plaintiff licenses for various uses including online and print publications.

3. Defendant Miller International, Inc. owns and operates a website known as www.worldstoughestrodeo.com (the "*Website*").

4. Defendant Miller International, Inc. owns and operates a social media account with the name of "worldstoughestrodeo" on Instagram. ("*IG Account*").

5. Defendant Miller International, Inc. owns and operates a social media account with name of "@worldstoughestrodeo" on Facebook ("*FB Account*").

6. Defendant Spectra Holdco, LLC owns and operates a social media account with the name of "@WellsFargoArena" on Facebook ("*FB Account 2*").

7. Defendants, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's Photograph on Website, IG Account, FB Account and FB Account 2 and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

8. Plaintiff Dan Callister is an individual who is a citizen of the State of New York and maintains a principal place of business at 3149 41st Street, Astoria, Queens in New York City, New York.

9. Upon information and belief, Defendant Miller International, Inc., is a Colorado corporation with a principal place of business at 8500 North Zuni Street, Denver in Adams County, Colorado and is liable and responsible to Plaintiff based on the facts herein alleged.

10. Upon information and belief, Defendant Spectra Holdco, LLC is a Delaware limited liability company with a principal place of business at 150 Rouse Boulevard, Philadelphia in Philadelphia County, Pennsylvania and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

12. This Court has personal jurisdiction over Defendant Miller International, Inc. because it maintains its principal place of business in Colorado.

13. This Court has personal jurisdiction over Defendant Spectra Holdco, LLC under the applicable long-arm jurisdictional statute of Colorado because while Defendant Spectra Holdco, LLC maintains its principal place of business in Pennsylvania, it purposely directs substantial activities at the residents of Colorado by means of the FB Account 2 and via its business relationship with Defendant Miller International, Inc.

14. More specifically, upon information and belief, Defendant Spectra Holdco, LLC utilized its FB Account 2 to promote the "World's Toughest Rodeo" events in coordination and cooperation with Defendant Miller International, Inc.

15. Venue is proper under 28 U.S.C. §1391(a)(2) because Defendant Miller International, Inc. does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

16. Plaintiff is a professional photographer by trade who is the legal and rightful owners of photographs which it licenses to online and print publications.

17. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

18. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

19. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

20. The Website is a popular and lucrative commercial enterprise.

21. The Website is monetized in that it promotes the sale of tickets to the public and, upon information and belief, Defendant Miller International, Inc. profits from these activities.

22. IG Account and FB Account are associated with Defendant Miller International, Inc.

23. Defendant Miller International, Inc. has exclusive access to post content on IG Account and FB Account.

24. Defendant Miller International, Inc. uses IG Account and FB Account to advertise its sponsored events thereby promoting its business.

25. FB Account 2 is associated with Defendant Spectra Holdco, LLC.

26. Defendant Spectra Holdco, LLC. has exclusive access to post content on FB Account 2.

27. Defendant Spectra Holdco, LLC. uses FB Account 2 to advertise the events it sponsors and/or manages in promotion of its business.

28. On June 21, 2008, Plaintiff Dan Callister authored a photograph of a clothed primate sitting atop a dog ("Photograph"). A copy of Photograph is attached hereto collectively as Exhibit 1.

29. Plaintiff applied to the USCO to register the Photograph on or about August 23, 2020 under Application No. 1-9155369961.

30. Photograph was registered by the USCO on August 23, 2020 under Registration No. VA 2-216-026.

31. On August 27, 2020, Plaintiff observed Photograph on the Website. A copy of the screengrab of the Website including the Photograph is attached hereto collectively as Exhibit 2.

4
PLAINTIFF'S COMPLAINT

32. The Photograph was displayed at URL: https://www.worldstoughestrodeo.com/entertainers (*Exhibit 2-Infringement #1*) and stored at URL: https://static.wixstatic.com/media/454da2_73bbc71fe5954d8d8c3253fba6845d53~mv2.jpg.

33. Plaintiff further observed the Photograph on Defendant Miller International, Inc.'s IG Account.

34. Copies of the Photograph were displayed on Defendant Miller International, Inc.'s IG Account at www.instagram.com at URL: https://www.instagram.com/p/Boh9orKhNvn/ and at URL: https://www.instagram.com/p/BrSnejOnCem/ (*Exhibit 2-Infringement #2-3*).

35. Plaintiff also observed the Photograph on Defendant Miller International, Inc.'s FB Account.

36. A copy of the Photograph was displayed on Defendant Miller International, Inc.'s FB Account at www.facebook.com at the following URL: https://www.facebook.com/worldstoughestrodeo/photos/a.10150961437160473/10153740244825473 (*Exhibit 2-Infringement #4*).

37. On January 22, 2014, Defendant Miller International, Inc. posted the Photograph to FB Account (*Exhibit 2-Infringement #5*).

38. On August 1, 2016, Defendant Miller International, Inc. posted the Photograph to FB Account (*Exhibit 2-Infringement #6*).

39. Furthermore, Plaintiff observed the Photograph on FB Account 2.

40. A copy of the Photograph was displayed on Defendant Spectra Holdco, LLC.'s Facebook Account at www.facebook.com at the following URL: https://www.facebook.com/WellsFargoArena/photos/gm.556931461431729/1925017640868262

/ (*Exhibit 2-Infringement #7*).

41.     On October 26, 2018, Defendant Spectra Holdco, LLC. posted the Photograph to FB Account 2 (*Exhibit 2-Infringement #8*).

42.     On December 19, 2018, Defendant Spectra Holdco, LLC. posted the Photograph to FB Account 2 (*Exhibit 2-Infringement #9*).

43.     On January 4, 2019, Defendant Spectra Holdco, LLC. posted the Photograph to FB Account 2 (*Exhibit 2-Infringement #10*).

44.     On April 22, 2021, Defendant Spectra Holdco, LLC. posted the Photograph to FB Account 2 (*Exhibit 2-Infringement #11*).

45.     Without permission or authorization from Plaintiff, Defendants volitionally selected, copied, stored and displayed Plaintiff's copyright protected Photograph as is set forth in Exhibit "1" on the Website, IG Account, FB Account, and FB Account 2.

46.     Upon information and belief, the Photograph was copied, stored and displayed no less than eleven (11) times without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter singularly the "*Infringement*" and collectively the "*Infringements*").

47.     Each Infringement includes a URL ("Uniform Resource Locator") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5)*; *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1160 (9th Cir. 2007).

48.     Each Infringement is an exact copy of the vast majority of Plaintiff's original image that was directly copied and stored by Defendants on the Website, IG Account, FB Account, and

FB Account 2.

49. Upon information and belief, Defendant Miller International, Inc. takes an active and pervasive role in the content posted on its Website, IG Account, and FB Account including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photograph.

50. Upon information and belief, Defendant Spectra Holdco, LLC. takes an active and pervasive role in the content posted on FB Account 2 including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photograph.

51. Upon information and belief, the Photograph was willfully and volitionally posted to the Website, IG Account, FB Account, and FB Account 2 by Defendants.

52. Upon information and belief, Defendants are not registered with the United States Copyright Office pursuant to 17 U.S.C. §512.

53. Upon information and belief, Defendants engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

54. Upon information and belief, Defendant Miller International, Inc. has the legal right and ability to control and limit the infringing activities on its Website, IG Account, and FB Account and exercised and/or had the right and ability to exercise such right.

55. Upon information and belief, Defendant Spectra Holdco, LLC. has the legal right and ability to control and limit the infringing activities on FB Account 2 and exercised and/or had the right and ability to exercise such right.

56. Upon information and belief, Defendants have received a financial benefit directly

attributable to the Infringements.

57. Upon information and belief, the Infringements increased traffic to the Website, IG Account, FB Account, and FB Account 2, and, in turn, caused Defendants to realize an increase in their service revenues and/or merchandise sales.

58. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website, IG Account, FB Account and FB Account 2.

59. Upon information and belief, Defendants at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

60. Defendants' use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

61. As a result of Defendants' misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

62. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

63. The Photograph is original, creative work in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

64. Plaintiff has not licensed Defendant Miller International, Inc. the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendant.

65. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant Miller International, Inc. improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works

copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

66. Defendant Miller International, Inc.'s reproduction of the Photograph and display of the Photograph on the Website, IG Account, and FB Account constitute willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

67. Plaintiff is informed and believes and thereon alleges that the Defendant Miller International, Inc. willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Photograph of the Plaintiff without Plaintiff's consent or authority, by using it in the infringements on the Website, IG Account, and FB Account.

68. As a result of Defendant Miller International, Inc.'s violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven.

69. As a result of Defendant Miller International, Inc.'s violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

### SECOND COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

70. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

71. The Photograph is original, creative work in which Plaintiff owns valid copyright

properly registered with the United States Copyright Office.

72. Plaintiff has not licensed Defendant Spectra Holdco, LLC. the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendant.

73. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant Spectra Holdco, LLC. improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

74. Defendant Spectra Holdco, LLC.'s reproduction of the Photograph and display of the Photograph on FB Account 2 constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

75. Plaintiff is informed and believes and thereon alleges that the Defendant Spectra Holdco, LLC. willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Photograph of the Plaintiff without Plaintiff's consent or authority, by using it in the infringing posts on FB Account 2.

76. As a result of Defendant Spectra Holdco, LLC.'s violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, and award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

77. As a result of the Defendant Spectra Holdco, LLC.'s violations of Title 17 of the

1  U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

78. As a result of Defendant Spectra Holdco, LLC.'s violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

### THIRD COUNT
*(Contributory Copyright Infringement)*

79. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

80. Defendant Miller International, Inc. herein has caused enabled, facilitated and materially contributed to the Infringement by providing the Photograph to Defendant Spectra Holdco, LLC. as part of its promotional efforts to advertise its productions and sponsored events. Defendant Miller International, Inc. has directly and indirectly promoted Defendant Spectra Holdco, LLC.'s infringements and refused to exercise its ability to stop the infringements made possible by its distribution of Plaintiff's Photograph.

81. Defendant Miller International, Inc. is liable as a contributory infringer since they had actual and/or constructive knowledge of another's infringing conduct and induced, caused and/or materially contributed to that conduct. *See e.g.,* Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d. 1146, 1171 (9th Cir. 2007); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30 (2005); A&M Records, Inc. v. Napster, Inc. 239 F.3d 1004, 1019 (9th Cir. 2001); *Sony Corp. v. Universal City Studios, Inc.*, 464 U.S. 417 (1984).

82. Defendant Miller International, Inc.'s conduct and contributory infringement is and has been willful, intentional, purposeful, and in disregard of the rights of Plaintiff, and has caused

substantial damage to Plaintiff

83. Plaintiff is informed and believes and thereon alleges that the Defendant Miller International, Inc. willfully contributorily infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code.

84. As a result of Defendant Miller International, Inc.'s violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, and award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c)

85. As a result of the Defendant Miller International, Inc.'s violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs and attorney fees pursuant to 17 U.S.C. § 505 from Defendant.

86. As a result of Defendant Miller International, Inc.'s violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

87. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendants have infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

  a. finding that Defendants infringed upon Plaintiff's copyright interest in the

    Photograph by copying and displaying without a license or consent;

 b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

 c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

 d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

 e. for pre judgment interest as permitted by law; and

 f. for any other relief the Court deems just and proper.

DATED: November 22, 2021

    **SANDERS LAW GROUP**

    By: */s/ Craig B. Sanders*
    Craig B. Sanders, Esq. (Col. Bar 45562)
    100 Garden City Plaza, Suite 500
    Garden City, NY 11530
    Tel: (516) 203-7600
    Email: csanders@sanderslaw.group
    File No.: 123257

    *Attorneys for Plaintiff*